## C. C. JONES vs. W. H. GIBBS, Auditor.

1. MANDAMUS:  *Pleadings.*

The petition for the writ of *mandamus* is the *ex parte* statement of the facts upon which the *fiat* is made for the writ.   The writ should be served on the defendant, and it becomes the leading pleading in the suit.   To that the respondent should make his return.

**2. SAME:** *Case in judgment.*

In 1873, the governor offered a reward of $600 for the arrest of a fugitive murderer. The statute, sec. 2786 allows $200 to any one arresting a fugitive from justice. In March, 1873, the legislature, by a special act, allowed $600 to relator for arresting one S., a fugitive murderer, etc. *Held,* that as the statute only allowed $200 as compensation for the arrest of a fugitive murderer, the governor could not, by his proclamation, bind the state to pay a larger reward. But that the legislature, by a special act, having allowed the relator $600, this was intended by the legislature as full and complete compensation, and not as cumulative with the statutory reward.

ERROR to the Circuit Court of *Hinds* County.

Hon. GEO. F. BROWN, Judge.

Plaintiff in error filed his petition for *mandamus* against defendant in error, alleging that he was entitled to a reward of two hundred dollars under the provisions of the Revised Code of 1871, § 2786, for the arrest of one Dempsey Taylor, who had killed one Thad. Nelson, of Lee county, and was fleeing from justice. He presents an order of the circuit court of Lee county, ordering the payment of the sum of two hundred dollars. The governor had offered a reward of six hundred dollars for the apprehension of the offender, and which sum had been paid by the auditor of public accounts, under the provisions of a special act of the legislature for the relief of plaintiff in error.

Defendant in error answered that the $600 paid by him was intended as a full compensation for the services. The case was tried on this issue in the court below, and judgment rendered for the defendant in error, and the case comes to this court on writ of error.

The following is assigned for error, to wit: "That the court erred in dismissing the petition for *mandamus.*"

*Musgrove & Hickling*, for plaintiff in error:

1. The testimony of ex-Gov. Powers shows that the reward offered by him had no reference to, and was independent of the statutory reward of $200. The act of the legislature for the relief of plaintiff in error clearly shows by its recitals that the amount

paid ($600) was only the reward offered by the executive, and does not interfere with the operations of the Code of 1871, § 2786. See Crawshaw *v.* Roxbury, 7 Gray. (Mass.), 374. The public offer of the reward creates a liability. Deslondes *v.* Wilson, 2 La. Dig., 1001.

2. The plaintiff in error, having complied with the requirement of the statute, is entitled to the relief sought. Code, 1871, § 2786. The circuit court of Lee county allowed the claim, and the presumptions are in favor of its action, and the correctness of the order of allowance. Pollock *v.* Buie, 43 Miss., 151; Scott *v.* Porter, 44 Miss., 366. The auditor has no right to refuse to issue the warrant. Hendricks *v.* Johnson, 45 Miss., 649.

*G. E. Harris*, Attorney General, for defendant in error:

Insisted that the reward claimed had been paid by the auditor under act of March 15, 1873 (Acts 1873, p. 270). The Code offered a reward of $200. This increased it to $600. The legislature authorized the payment of the $600, thus ratifying the action of the governor. The relator, having received the $600, is not now entitled to the $200 in addition; he cannot claim both. Code 1871, § 2786; see Crawshaw *v.* Roxbury, 7 Gray (Mass.), 374. The act for his relief became the law of the case, and that law has been satisfied by the payment. The preamble to the act clearly indicates the intention of the legislature, and the judgment should be affirmed.

SIMRALL, J., delivered the opinion of the court.

This is a very irregular and informal proceeding by mandamus, instituted by the plaintiff in error, C. C. Jones, against W. H. Gibbs, auditor of public accounts.

First. Jones addressed a petition to the circuit judge, alleging that an order was made by the circuit court of Lee county, allowing to him the sum of $200 for the arrest of one Demps. Taylor charged with the murder of Thad. Nelson, pursuant to sec. 2786, Code of 1871. That this order had been presented to the auditor of public accounts, who refused to issue his warrant on the state

treasurer. With the petition was exhibited the account for the services, and the order of the court.

This is the account: "To arresting and delivering up for trial, Demps. Taylor, charged with the murder of Thad. Nelson, $200."

The order of the court allows the account "for the arrest and delivery up of Demps. Taylor," * * and directs that a copy of the account, and of the order, be certified to the auditor for payment.

Upon this petition, the clerk issued the ordinary summons prescribed for civil suits, commanding Gibbs, the auditor, to appear and answer, "the complaint of C. C. Jones against the defendant of file," * * etc.

Gibbs appeared and answered as reason why the peremptory writ of mandamus should not issue, that in pursuance of the provisions of an "act for the relief of C. C. Jones, approved March 15, 1873, said Jones was paid the sum of $600, the payment of which said sum was full and complete satisfaction for all services mentioned in his petition."

There is copied into the transcript a deposition of ex-Gov. Powers, who offered the reward of six hundred dollars, and who states to the effect that it was made without reference to the section of the Code, 2786. There appears also the affidavit of Jones, made before the clerk of the court, that Demps. Taylor "was making escape" when he arrested him.

The circuit court refused to issue the mandamus, and dismissed the petition.

We have in several cases at this term, viz: State Board of Education *v.* Mayor and Aldermen of West Point; Hardy *v.* Auditor; Hoskins *v.* Board of Supervisors of Scott county, stated the mode of procedure in the mandamus suit, as intended by the statute. This proceeding is a very wide departure from that contemplated in the statute.

The petition is the *ex parte* statement of facts, upon which the judge makes his fiat for the alternative writ. That writ should be served on the defendant, and becomes the leading pleading in the suit. To that, the respondent should make his return.

It is important that these extraordinary actions should be conducted in substantial conformity to the statute. The circuit court might have required the pleadings to have been reformed, or might have dismissed the suit, because they were irregular and informal.

But waiving that, if the relator intended to deny the truth of the answer of the respondent, he ought to have done so by a traverse. No issue of law or fact was taken upon it. There was nothing controverted to which the deposition of Gov. Powers would apply. But if there had been an issue, we could not notice the deposition, because the clerk chose to transcribe it into the record. Properly, it would only find a place there by bill of exceptions.

We suppose that the writ of error has been prosecuted to obtain the opinion of this court, whether the plaintiff in error is entitled to the reward of $200, under section 2786 of the Code, in addition to the $600, referred to in the answer, under the special act of 1873.

In the former, the state proposes to pay $200 to any person who shall arrest and deliver for trial one who has killed another, and is fleeing, or attempting to flee, * * " upon production of the certificate of the allowance of the claim by the circuit court."

This is a standing statutory reward, which the state offers for arresting and bringing to trial the fugitive from justice. The proclamation of the governor offering this sum, or any other, can have no legal effect to bind the state, aside from or independent of the statute. The act of March 15, 1873, " for the relief of C. C. Jones," recites in the preamble that the governor had, by his proclamation of the 27th January, 1873, offered a reward of $600 for the arrest and delivery of Demps. Taylor, a murderer, to the sheriff of Lee county, and that C. C. Jones did, after long pursuit and heavy expense, arrest the criminal; therefore it was enacted that the auditor issue his warrant for six hundred dollars in favor of C. C. Jones." It is manifest that the legislature made this increased compensation over the standing reward, for two reasons: first, because the executive, by his proclamation, had made a com-

mittal of the state, so far as his action was concerned; and secondly, because the relator had made the capture "after long pursuit and heavy expense." Reviewing the whole subject, the legislature declares, since the executive has offered the inducement which has influenced Jones to follow the fugitive at heavy expense, for which $200 would not be adequate compensation, he shall be paid $600.

We cannot doubt that this appropriation was intended to be in full satisfaction for the service. The act recites what has been done, and fixes what shall be paid for it. The $600 is in full payment, and is not additional and cumulative to the $200 named in § 2786 of the Code.

The judgment is affirmed.